UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:17-cv-00236-FDW-DSC

| | |
|---|---|
| CLARA N. HICKMAN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| NANCY A. BERRYHILL, Commissioner of ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 6) and Defendant's Motion for Summary Judgment. (Doc. No. 10). Pursuant to 28 U.S.C. § 636(b)(1)(B), these motions were referred to the magistrate judge for issuance of a Memorandum and Recommendation ("M&R") for disposition. (Doc. No. 12). The M&R recommends Defendant's Motion for Summary Judgment be granted, Plaintiff's Motion for Summary Judgment be denied, and the Commissioner's decision be affirmed. Plaintiff filed objections to the M&R (Doc. No. 13), and Defendant filed a response brief (Doc. No. 14). This matter is now ripe for review.

For the reasons set forth, the Court OVERRULES Plaintiff's objections, ACCEPTS and ADOPTS the M&R, DENIES Plaintiff's Motion for Summary Judgment, GRANTS Defendant's Motion for Summary Judgment, and AFFIRMS the Commissioner's decision.

1

## I. BACKGROUND

Plaintiff does not lodge any specific objections to the procedural history section contained in the M&R. Therefore, the portion of the M&R entitled "Procedural History" is hereby adopted and incorporated by reference as if fully set forth herein. (Doc. No. 12 at 1-2).

In Plaintiff's Memorandum in Support of Motion for Summary Judgment, Plaintiff asserted the ALJ erred by: (1) failing to identify an apparent conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT") (Doc. No. 7 at 5-10) and (2) discounting Plaintiff's subjective statements of pain without specifying which of Plaintiff's statements were inconsistent (Doc. No. 7 at 10-17).

After reviewing the motion, the M&R concluded the ALJ's RFC determination at step four was proper because: (1) the VE's testimony was consistent with the DOT (Doc. No. 12 at 3-6), and (2) the ALJ engaged in a thorough, well-reasoned credibility analysis (Doc. No. 12 at 6-9).

## II. STANDARD OF REVIEW

### A. Review of a Memorandum and Recommendation

A district court may assign dispositive pretrial matters, including motions for summary judgment, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). *De novo* review is also not required "when a party makes general or conclusory

objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

B.  **Review of a Social Security Appeal**

Plaintiff does not lodge any specific objections to the standard of review of a social security section contained in the M&R. Therefore, the portion of the M&R entitled "Standard of Review" is hereby adopted and incorporated by reference as if fully set forth herein. (Doc. No. 12 at 2-3).

### III.  ANALYSIS

Plaintiff raises two objections to the to the M&R's findings and conclusions, arguing the M&R erred in upholding the ALJ's RFC determination by: (1) failing to find the VE's testimony created an apparent conflict (Doc. No. 13 at 1-4) and (2) upholding the ALJ's credibility determination regarding Plaintiff's testimony (Doc. No. 13 at 4-5). In response to Plaintiff's objections, Defendant "relies on the points and authorities previously stated in [Defendant's] memorandum in support of [Defendant's] motion for summary judgment[.]" (Doc. No. 14 at 1). Following de novo review, the Court finds all of Plaintiff's objections to be without merit. The Court will address each of Plaintiff's objections in turn.

A.  **Apparent Conflict**

Plaintiff complains the M&R erred in finding the ALJ properly relied upon the VE's testimony. In support of this objection, Plaintiff reasserts the same arguments she made in her Memorandum in Support of Summary Judgment (Doc. No. 7 at 5-10) and contends the ALJ erred

3

by failing to identify, elicit explanation, or explain conflicts between the VE's testimony and the O*Net, another classification system of occupations. (Doc. No. 13 at 1-4).

Plaintiff has not identified any law or binding precedent establishing any duty on the ALJ as to O*Net. See Bushaw v. Berryhill, No. 1:17-CV-00192-FDW, 2018 WL 1972711, at *5 (W.D.N.C. Apr. 26, 2018). The Policy Interpretation Ruling SSR 00-4p contains no mention of O*Net. SSR 00-4P, 2000 WL 1898704, at *4 (providing that the ALJ has an affirmative responsibility to resolve conflicts between VE testimony and the DOT). This means "there is no requirement that the VE's testimony be consistent with the O*Net." Peck v. Berryhill, No. 3:17CV543, 2018 WL 3081339, at *7 (W.D.N.C. May 29, 2018), report and recommendation adopted, 2018 WL 3076789 (W.D.N.C. June 21, 2018). This Court and other courts have consistently and frequently rejected claims relying on O*Net as the basis for a conflict between VE's testimony and the DOT. See Hough v. Berryhill, No. 3:17-CV-336-FDW, 2018 WL 3127463, at *4–6 (W.D.N.C. June 26, 2018) (providing a case study of court decisions holding ALJ's have no affirmative duty to seek out and resolve apparent conflicts between a VE's testimony and the O*Net because there is no requirement that the VE's testimony be consistent with the O*Net); see also Wilson v. Berryhill, No. 1:17-cv-00246-FDW, 2018 WL 3217467, at *4-5 (W.D.N.C. June 26, 2018) (providing a similar case study). The Court finds that because there is no inconsistency to resolve, the M&R was correct in finding the ALJ made no error in this regard.

B. **Evaluation of Symptoms**

Plaintiff contends the M&R errs in finding the ALJ properly weighed Plaintiff's subjective complaints in evaluating Plaintiff's symptoms. (Doc. No. 13 at 4-5). In reliance on Woods v.

Berryhill, 888 F.3d 686 (4th Cir. 2018), a Fourth Circuit decision published eight days before the issuance of the M&R, Plaintiff contends the ALJ wrongly evaluated Plaintiff's subjective symptoms in determining Plaintiff's RFC. (Doc. No. 13 at 5 (citing Woods, 888 F.3d 686)). Plaintiff claims remand is warranted for an evaluation of Plaintiff's symptoms in compliance with the new guidance provided by the Fourth Circuit in Woods. (Doc. No. 13 at 5).

In Woods, the Fourth Circuit stated in dicta that in determining a claimant's RFC, "[a]n ALJ may not consider the *type* of activities a claimant can perform without also considering the *extent* to which she can perform them." Woods, 888 F.3d at 694 (emphasis in original) (citing Brown v. Commissioner, 873 F.3d 251, 263 (4th Cir. 2017)). However, the language in Woods is not new. See Brown, 873 F.3d at 269-71 (explaining in detail how an ALJ should consider the extent to which a plaintiff can perform daily activities in evaluating a Plaintiff's symptoms). In Henson v. Berryhill, No. 1:15-CV-00123-RJC, 2017 WL 5195882 (W.D.N.C. Nov. 9, 2017), the court summarized the Brown decision:

> [M]erely listing a claimant's activities does not automatically equate to substantial evidence if those activities were "minimal daily activities" qualified by the claimant in ways that do not contradict claims of disabling pain. The court concluded that when a claimant's daily activities were "minimal," they neither established that the claimant could engage in substantial physical activity nor contradicted the claimant's testimony of disabling pain. By "minimal," the court described activities such as cooking, driving, and household chores that caused plaintiff great pain or required intermittent periods of rest.

Henson, 2017 WL 5195882, *8 (citing Brown, 873 F.3d at 269-71).

In Henson, the court found an ALJ's decision was supported by substantial evidence where the ALJ "recounted medical evidence to support his conclusion that Plaintiff's testimony was not entirely credible[,]" even though "the ALJ did not accurately recount the limitations put forth on Plaintiff's daily activities[.]" Henson, 2017 WL 5195882, at *8. The court found the ALJ had

5

relied heavily on the plaintiff's daily activities to evaluate the plaintiff's subjective symptoms, and in doing so, the ALJ omitted "certain qualifying language" of the plaintiff's testimony from the ALJ's decision. Id. The court reasoned that when a "[p]laintiff references 'minimal activities' and further qualifies those activities with testimony of experiencing pain and the need to take breaks[,]" then the ALJ cannot rely on the daily activities alone to establish the plaintiff's statements are in conflict with the evidence. Id. The court also explained that if the ALJ "relied on other evidence besides the plaintiff's daily activities to justify" the ALJ's evaluation of the plaintiff's testimony, then the ALJ's omission constituted harmless error. Id. The court employed this reasoning to Henson's case and found substantial evidence existed for the ALJ's determination where the ALJ listed the findings of claimant's physician, who noted the claimant's subjective complaints of pain, but also noted the claimant was walking a mile a day according to the physician's instructions. Id.

Here, the ALJ determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [Plaintiff's] symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" (Tr. 15). Plaintiff complained of pain to her left hip (Tr. 47), neck (Tr. 47-48), shoulders (Tr. 48), left knee (Tr. 48), and drowsiness (Tr. 49-50, 52-53). The Court recognizes the ALJ relied on Plaintiff's daily living activities to evaluate the veracity of Plaintiff's subjective report of her symptoms. In the ALJ's decision, the ALJ mentioned Plaintiff stated at the hearing "she does dishes[,] cooks[, and] goes to church and the Young Men's Christian Association (YMCA)[,]" (Tr. 15) and that in Plaintiff's adult function report, Plaintiff stated she could "wash dishes, do laundry, vacuum, dust, cook, and grocery shop." (Tr. 15 (citing Ex. 7E)).

This Court agrees with Plaintiff that the ALJ omitted Plaintiff's qualifying statements concerning Plaintiff's minimal daily activities, but such omission of Plaintiff's entire statement in the ALJ's analysis is harmless. Plaintiff said she could "do some cooking but [it is] mostly . . . prepared foods that can be heated up in the microwave[,] which will take "30 minutes to an hour" to make. (Tr. 255). She "use[d] to cook often[,]" but could not do so anymore because "she can't stand for very long and [has] problems with" neck and back pain. (Tr. 255). Plaintiff reported she could wash dishes, do laundry, vacuum, and dust, but also stated she could not "do much standing and [could not] get down on the floor at all[,]" (Tr. 255) and that she could not do house or yard work at times because she could not "stand long and [could not] kneel down anymore" (Tr. 256). Plaintiff reported being able to shop for groceries, but usually did so only "once a week" and it took "30 minutes to an hour." (Tr. 256). Plaintiff can no longer drive to the grocery store, or anywhere else because her "pain medication causes [her] to fall asleep[.]" (Tr. 256). When she gets there, she is only able to stand for five to ten minutes (Tr. 42) and is only able to walk for around fifty feet (Tr. 42-43) or less than half a block (Tr. 258). She cannot go to the store or anywhere else alone because she "can fall very eas[ily] because of [her] knee, hip, and leg injury." (Tr. 256). Plaintiff reported going to the YMCA twice a week, but it was at the advice of her doctors who told her it would help her lower limbs if she were to "get in the water[.]". (Tr. 45).

Here, as in <u>Henson</u>, the ALJ's omission is rendered harmless because the ALJ relied on other evidence to evaluate Plaintiff's symptoms and, as noted by the M&R, the ALJ "engaged in a thorough, well-reasoned credibility analysis[.]" (Doc. No. 12 at 8). After summarizing Plaintiff's subjective statements, the ALJ referenced the objective evidence of the record, including physical examinations, the range of motion of her body parts, her medication and

7

treatment history, x-ray results, magnetic resonance imaging (MRI) reports, as well as other evidence. (Tr. 15-17). Further, the ALJ evaluated the opinion evidence from the Plaintiff's treating and examining sources, assigned weight to those opinions, and used the objective medical evidence in the record to fully explain why the ALJ agreed or disagreed with the opinions. (Tr. 17-18). The ALJ gave consistent and thorough citations to the record when evaluating Plaintiff's symptoms. (Tr. 15-18).

As pointed out by the M&R, "[t]he ALJ is responsible for making credibility determinations of a claimant's credibility." (Doc. No. 12 at 7 (citing Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)). As the ALJ "had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). The Court cannot reweigh the evidence but is instead limited to determining whether the ALJ relied on substantial evidence. In the present case, the ALJ relied on substantial evidence, besides Plaintiff's daily activities, to justify the ALJ's evaluation of Plaintiff's symptoms in determining the Plaintiff's RFC. The M&R was correct in finding the ALJ committed no error, but instead engaged in a thorough, well-reasoned credibility analysis.

C. **No Clear Error**

Upon further review of the M&R, the Court finds no clear error on the face of the M&R. This Court's decision only supplements the M&R's analysis. The M&R's findings of fact are supported by the record, and the conclusions of law are consistent with and supported by current case law.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Objections (Doc. No. 13) to the M&R are OVERRULED; the M&R (Doc. No. 12) is affirmed and adopted for the reasons set forth herein, Plaintiff's Motion for Summary Judgment (Doc. No. 6) is DENIED; Defendant's Motion for Summary Judgment (Doc. No. 10) is GRANTED; and the Commissioner's decision is AFFIRMED. The Clerk's Office is directed to CLOSE THE CASE.

IT IS SO ORDERED.

Signed: August 2, 2018

Frank D. Whitney
Chief United States District Judge